UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
INCOME COLLECTING 1-3 MONTHS                                            :
T-BILLS MUTUAL FUND,                                                    :
                                                                        :
                              Plaintiff,                                :          26-CV-01000 (JAV)
                                                                        :
              -v-                                                       :          ORDER
                                                                        :
INTERACTIVE BROKERS LLC,                                                :
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, District Judge:

Plaintiff Income Collection 1-3 Months T-Bills Mutual Fund ("Plaintiff") brings this

action against Defendant Interactive Brokers LLC ("Defendant LLC"), invoking the Court's

subject matter jurisdiction on the ground of diversity of citizenship.  *See* 28 U.S.C. § 1332.

Plaintiff alleges that it is a "Cayman Islands Company."  ECF No. 1 ("Complaint" or "Compl."),

¶ 46.  Plaintiff also alleges that Defendant is a citizen of New York.  *Id.*, ¶ 45.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of

each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*,

213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756

(WMS) (JJM), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court

of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of

its members).  Thus, a complaint premised upon diversity of citizenship must allege the

citizenship of natural persons who are members of an LLC and the place of incorporation and

principal place of business of any corporate entities that are members of the LLC (including the

citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled."  *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").

Because the Complaint failed to affirmatively plead the citizenship of each member of Defendant LLC, the Court issued an order to show requiring Plaintiff amend its Complaint to affirmatively allege the citizenship of each constituent person or entity comprising Defendant LLC as well as the citizenship of all individual parties.  ECF No. 12.  The Court warned that a failure to do so would result in dismissal for lack of subject matter jurisdiction without further notice to either party.  *Id.*

On April 20, 2026, Plaintiff wrote to the Court and stated that, Defendant having represented that Defendant has foreign members, it appears that complete diversity is thereby lacking.  ECF No. 13.  Plaintiff therefore agrees that dismissal of this matter for lack of subject matter jurisdiction is appropriate.  *Id*.

Accordingly, the complaint is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.  Any pending motions are moot and any conferences are canceled.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 21, 2026
   New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2